IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cr-30058-SMY |
| | ) |
| CORY M. REIBEL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Cory M. Reibel pled guilty to a two-count Indictment charging him with production of child pornography. (Docs. 1, 18). He was sentenced on October 24, 2011 to 360 months' of imprisonment. (Docs. 28, 33). He is currently housed at FCI-Milan, and his projected release date is September 26, 2036. Now pending before the Court is Reibel's Motion for Compassionate Release pursuant to the First Step Act of 2018. (Doc. 55). The Government has responded in opposition. (Doc. 59).

Reibel asserts that he is entitled to compassionate release because of the Bureau of Prison's ("BOP") lack of treatment of a brain tumor and the lack of assistance he has received after removal of the tumor. He also asserts that the tumor has grown back causing him to lose his hearing in his right ear, and that he has lost the ability to obtain the medical attention necessary for him to sustain his life at the prison facility.

## Discussion

The Court may modify Reibel's term of imprisonment after considering the factors set forth in 18 U.S.C. §3553 if it finds that "extraordinary and compelling reasons warrant such a reduction," and that reduction "is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. §3553(c)(1)(A). It is the defendant's burden to prove extraordinary and compelling reasons exist for his release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

As set forth in the policy statement in U.S.S.G. §1B1.13, "extraordinary and compelling reasons" exist if a defendant is suffering from a "serious physical or mental condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. §1B1.13 cmt. n. 1(A)(ii)(I) (2018 manual).[1] Reibel first contends that "medical misdiagnosis and lack of swift treatment for his medical condition led to a rapid decline in his health such that he has lost all hearing in his right ear." (Doc. 55 at p. 3). But any claim that he suffered an injury as a result of a lack of medical treatment from the BOP must be asserted in a civil action rather than a motion for compassionate release. *See United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021) (a motion for compassionate release is not the appropriate vehicle for challenging conditions and medical care).

Next, Reibel claims "he is unable to obtain the medical attention that would be required in order for him to sustain his life there at the prison facility" due to complete hearing loss in his right ear and the regrowth of his tumor. (Doc. 55 at p. 2). Specifically, he alleges that he cannot decipher the direction of noises, cannot see clearly out of his periphery of his right eye without blurred double vision, cannot fully close his mouth, and cannot judge the location of loud or unusual noises around him. However, his medical records do not support these allegations.

Reibel does suffer from malignant neoplasm of the brain. (Doc. 59-1 at pp. 89). However,

---

[1] Although this policy statement does not apply since the compassionate release statute was updated, its nonbinding nature can be consulted by the Court "as a guide." *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see also United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022).

his second tumor was removed. (Doc. 59-2 at p. 37). While there was some regrowth noted in January 2024, the medical notes indicate that arrangements were being made for radiation therapy. (Doc. 59-1 at pp. 1, 18). The medical records do not support Reibel's claim that he has complete hearing loss in the right ear. Rather, the records indicate that can "hear at normal speaking voice" (Doc. 59-2 at pp. 25-26) and that his hearing loss was is resolved. (Doc. 59-2 at p. 1; Doc. 59-1 at p. 10). The BOP ordered an evaluation and fitting for a hearing aid system to address any residual hearing loss he my have. (Doc. 59-2 at pp. 2, 6). There is no documentation in the medical records that Reibel reported blurred double vision in his right eye or an inability to fully close his mouth anytime in 2023 or 2024. In sum, Reibel has failed to present compelling or extraordinary reasons for his release based on his alleged medical conditions and limitations.

Moreover, the §3553(a) factors weigh in favor of Reibel's continued imprisonment. Releasing Reibel at this juncture would not be consistent with the seriousness of his offense – the molestation and photographing of a 3 year old child. Nor would his early release promote a respect the law or sufficiently protect the public from further crimes by him. Accordingly, Defendant's Motion for Compassionate Release (Doc. 55) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: April 4, 2024

**STACI M. YANDLE**
**United States District Judge**